Opinion issued January 10, 2013



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-12-00491-CV

————————————

**ANGELINA GAILEY, INDIVIDUALLY AND AS EXECUTRIX OF ESTATE OF PATRICK L. GAILEY, DAN PATRICK GAILEY, AND PATRICK L. GAILEY, Appellants**

**V.**

**PASQUAL GUTIERREZ, Appellee**

---

**On Appeal from the 61st District Court**
**Harris County, Texas**
**Trial Court Cause No. 0904324A**

---

## MEMORANDUM OPINION

Appellants, Angelina Gailey, individually and as executrix of the estate of

Patrick L. Gailey, Dan Patrick Gailey, and Patrick L. Gailey, attempt to appeal

from an order striking their supersedeas bond and from an order striking their suggestion of bankruptcy. We dismiss the appeal for lack of jurisdiction.

First, appellants appeal from the trial court's May 4, 2012 order striking their supersedeas bond. A judgment debtor is entitled to supersede and defer payment of a judgment while pursuing an appeal. *Miga v. Jensen*, 299 S.W.3d 98, 100 (Tex. 2009). Texas Civil Practice and Remedies Code Chapter 52 and Texas Rule of Appellate Procedure 24 set out the requirements for suspending enforcement of a civil judgment pending appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 52.001–.006 (West 2008); TEX. R. APP. P. 24.1(a), 24.2. Section 52.001 provides, "In this chapter, 'security' means a bond or deposit posted, as provided by the Texas Rules of Appellate Procedure, by a judgment debtor to suspend execution of the judgment *during appeal of the judgment*." (emphasis added). TEX. CIV. PRAC. & REM. CODE ANN. § 52.001. Rule 24.4 provides, in pertinent part, that "[a] party may seek review of the trial court's ruling [on a supersedeas bond] by motion filed in the court of appeals with jurisdiction or potential jurisdiction *over the appeal from the judgment in the case*." TEX. R. APP. P. 24.4(a) (emphasis added). Hence, the rules provide for review of the trial court's ruling on the bond as part of the appeal from the final judgment in the case.

The record shows that the trial court signed the final judgment in this case on February 16, 2010. Appellants did not appeal the final judgment. Because

there is not a pending appeal from the final judgment in this case, we do not have jurisdiction to review the trial court's order striking appellants' supersedeas bond.

Next, appellants appeal from the trial court's May 4, 2012 order striking their suggestion of bankruptcy. Appellants have not directed us to any authority, and we have found none, providing for a review of the trial court's order striking appellants' suggestion of bankruptcy.

We notified appellants of our intent to dismiss the appeal for want of jurisdiction unless appellants filed a response demonstrating our jurisdiction. *See* TEX. R. APP. P. 42.3(a). Appellants did not respond.

Accordingly, we dismiss the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Bland and Huddle.

3